UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | CASE NO.:  26-56558-PMB |
| TEKELA DEQUETT SMITH, | ) | |
| | ) | CHAPTER 13 |
| DEBTOR. | ) | |
| | ) | JUDGE PAUL BAISIER |
| ----------------------------------------------------------------- | ) | |
| | ) | |
| MELISSA J. DAVEY, | ) | |
| STANDING CHAPTER 13 TRUSTEE, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| TEKELA DEQUETT SMITH, | ) | |
| Respondent. | ) | |
| ----------------------------------------------------------------- | ) | |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

Melissa J. Davey, Chapter 13 Trustee, objects to confirmation of the plan and moves to dismiss this case pursuant to 11 U.S.C. Section 1307(c) for the following reasons:

1.      The Debtor has failed to provide copies of all pay advices received within sixty (60) days of filing the instant case in violation of 11 U.S.C. Section 521(a)(1)(B)(iv).

2.      In accordance with General Order Nos. 18-2015, 22-2017, and/or 42-2020 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's gross wage income of $3,182.00 to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

3.      Pursuant to the Chapter 13 Plan, the Debtor has a $2,500.00 monthly lease obligation for rent and utilities. Prior to confirmation the Debtor should produce evidence that the payments to this creditor are current post petition. 11 U.S.C. Section 1326(a)(1)

(B).

4.      Pursuant to testimony from the meeting of creditors, Debtor has a pending and/or anticipated lawsuit (worker's compensation claim). The Chapter 13 Petition and schedules fail to fully disclose this lawsuit or claim in violation of 11 U.S.C. Section 521 and Bankruptcy Rule 1007(h).

5.      Pursuant to testimony from the meeting of creditors, Debtor is represented by counsel (William Associates) in a pending/or anticipated non-bankruptcy litigation. The attorney must be approved as special counsel by the Bankruptcy Court in accordance with 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

6.      The Chapter 13 Plan fails to provide that Debtor may not settle their pending/anticipated lawsuit without first seeking approval of the Bankruptcy Court, and that all net proceeds from the Debtor's pending/anticipated lawsuit will be paid to the Trustee for distribution to allowed unsecured claims, as required by 11 U.S.C. Sections 1325(a)(3), 1325(a)(4), and 1325(b).

7.      All prior or pending related bankruptcy cases of the Debtor may not have been disclosed, possibly indicating a lack of good faith in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(a)(7). (25-55175)

8.      According to the testimony at the 341 Meeting of Creditors, the Debtor is unemployed such that the proposed Chapter 13 Plan and budget are infeasible in violation of 11 U.S.C. Section 1325(a)(6). The Debtor is currently receiving worker's compensation benefits but is no longer employed as of May 24, 2026.

9.      The Chapter 13 Schedules reflect an exemption of $10,000.00 for a personal injury claim. The Chapter 13 Trustee objects to the exemption because the amount of the exemption exceeds the exemption limitations allowed in accordance with O.C.G.A. Section 44-13-100(a)(11(D).

10.     The Debtor's Plan pays arrears of $8,106.00 at $115.00 per month, however, pursuant to the Proof of Claim No. 1, this lease expires December 8, 2026. This payment schedule will not pay within the term of the lease and may not comply with 11 U.S.C. Section 365(b)(1) requiring prompt cure of a lease default.

Wherefore, the Trustee moves this Honorable Court to consider the above objections at the confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case pursuant to 11 U.S.C. Section 1307(c), and for such other and further relief that this Court deems just and proper.

Dated: July 01, 2026

/s/Melissa J. Davey
Melissa J. Davey
Chapter 13 Trustee
GA Bar No. 206310
233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone:    (678) 510-1444
Facsimile:(678) 510-1450
mail@13trusteeatlanta.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.:  26-56558-PMB |
| | ) | |
| TEKELA DEQUETT SMITH, | ) | CHAPTER 13 |
| | ) | |
| DEBTOR. | ) | JUDGE PAUL BAISIER |
| | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's  Objection to Confirmation & Motion to Dismiss using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**
THE BRANNEN FIRM, LLC

I further certify that on this day I caused a copy of this document to be served via first class mail, with adequate postage prepaid on the following parties set forth below at the address shown for each.

DEBTOR:

TEKELA DEQUETT SMITH
5055 TOWNE PARK DR
MCDONOUGH, GA  30252
Dated: July 01, 2026

/s/Melissa J. Davey
Melissa J. Davey
Chapter 13 Trustee
GA Bar No. 206310
 233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone:    (678) 510-1444
Facsimile:(678) 510-1450
mail@13trusteeatlanta.com